UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AMY M. CLARK, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF KEVIN
J. CLARK, DECEASED,

                              **Plaintiff,**

vs.                                                1:20-cv-00003
                                                      (MAD/CFH)

UNITED STATES OF AMERICA,

                              **Defendant.**

---

**APPEARANCES:**                                   **OF COUNSEL:**

**LAFAVE, WEIN & FRAMENT, PLLC**      **CYNTHIA S. LAFAVE, ESQ.**
2400 Western Avenue                        **JASON A. FRAMENT, ESQ.**
Guilderland, New York 12084
Attorneys for Plaintiffs

**ADAMS LECLAIR LLP**                       **EMILY E. UHLIG, ESQ.**
28 East Main Street, Suite 1500
Rochester, New York 14614
Attorneys for Plaintiff

**U.S. DEPARTMENT OF JUSTICE**        **CATHLEEN B. CLARK, AUSA**
445 Broadway, Room 218
James T. Foley Courthouse
Albany, New York 12207-2924
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

1

On January 2, 2020, Plaintiff, Amy M. Clark, filed a complaint Individually and as Administratrix of the Estate of Kevin J. Clark against Defendant, the United States, alleging negligence, medical malpractice, and wrongful death. *See* Dkt. No. 1. Defendant filed an answer to the complaint on March 20, 2020. *See* Dkt. No. 10. On April 5, 2020, Magistrate Judge Christian J. Hummel filed an order referring the case to mandatory mediation and the mandatory mediation session was held on June 9, 2021. *See* Dkt. Nos. 12, 20. The case was settled at the mandatory mediation session and an order dismissing the case by reason of settlement was filed on June 11, 2021. *See* Dkt. Nos. 20-21. Currently before the Court is Plaintiff's Motion for Approval of Settlement to which Defendant did not file a response.

## II. BACKGROUND

On January 13, 2018, Kevin Clark went to Hudson Headwaters Urgent Care facility in Queensbury, New York with complaints of chest pain and shortness of breath, which he said he had been experiencing for the past week. *See* Dkt. No. 26-1 at ¶ 3. An electrocardiogram (EKG) was performed, and the attending physician's assistant (PA) read the EKG as "OK/few PVC's," diagnosed Mr. Clark with gastroesophageal reflux disease and sent him home. *Id.* The next morning, January 14, 2018, Mr. Clark was found deceased in his bed. *See id* at ¶ 4. An autopsy was performed which determined that the cause of death was cardiac arrhythmia due to arteriosclerotic heart disease. *See id.* Plaintiff's expert opined that the attending PA had deviated from the standard of care and if Mr. Clark would have undergone a workup for coronary artery disease his condition would have been treated properly and he would still be alive today. *See id.* at ¶ 5. After a complaint was filed, the parties entered mediation where they reached a settlement agreement and Plaintiff filed a Motion for Approval of Settlement which is currently before the Court. *See id.* at ¶¶ 10-11.

### III. DISCUSSION

A party suing the federal government in tort is subject to the dictates of the Federal Tort Claims Act ("FTCA"), which provides a limited waiver of sovereign immunity. *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (stating that the FTCA is "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court"). Pursuant to 28 U.S.C. § 1346(b), "the extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992). The FTCA limits the amount of attorney fees to twenty-five percent of the judgment rendered. 28 U.S.C. § 2678.

Because this action involved the alleged wrongful death of Kevin J. Clark, a formal motion to approve the settlement was required pursuant to New York State Estates, Powers and Trusts Law § 5-4.6 and New York State Surrogate's Court Procedure Act § 2204, which is now before the Court.

Having reviewed Plaintiff's submissions, the Court finds that the $150,000.00 settlement is fair and reasonable under the facts and circumstances of this case, where there was limited economic damages, various difficulties in proof, and significant risk and expense should the case proceed to trial. Moreover, the $36,878.20 in attorneys' fees sought by counsel are reasonable and limited to twenty-five percent of the net settlement amount. Accordingly, Plaintiff's Motion for Approval of Settlement is granted.

### IV. CONCLUSION

After reviewing Plaintiff's Motion for Approval of Settlement and the applicable law, the Court hereby

**ORDERS** that Plaintiff's Motion for Approval of Settlement is **GRANTED**; and the Court further

**ORDERS** that Amy M. Clark, as Administratrix of the Estate of Kevin K. Clark, Deceased, is authorized to settle any and all claims against the United States of America, arising out of an incident which took place on January 13, 2018, in the total sum of $150,000.00; and the Court further

**ORDERS** that Defendant fund its payment obligation by issuing a check or draft made payable to LaFave, Wein & Frament, PLLC, in the amount of ONE HUNDRED FIFTY THOUSAND AND 00/100 ($150,000.00) and delivering said check to LaFave, Wein & Frament, PLLC; and the Court further

**APPROVES** the total sum of ONE HUNDRED TEN THOUSAND SIX HUNDRED THIRTY FOUR AND 61/100 ($110,634.61) to the Estate of Kevin J. Clark; and the Court further

**APPROVES** a structured settlement of the proceeds of the settlement, the exact amounts of which will not be known until Surrogate's Court approval, however the outlines of such are set forth in the proposed stipulation of settlement; and the Court further

**APPROVES** the total sum of THIRTY NINE THOUSAND THREE HUNDRED SIXTY FIVE AND 39/100 ($39,365.39) as and for payment of all attorney's fees and disbursements, in the form of a check made payable to LaFave, Wein & Frament, PLLC; and the Court further

**APPROVES** the total sum of $5,000 for the Estate Attorneys, Stafford, Carr & McNally; and the Court further

**ORDERS** that Amy M. Clark, as Administratrix of the Estate of Kevin K. Clark, Deceased, is authorized to execute any and all such documents as may be necessary to effectuate and collect this settlement; and the Court further

**ORDERS** that Jason A. Frament, Esq. is authorized to prepare and execute all such documents as may be necessary to effectuate and collect this settlement.

**IT IS SO ORDERED.**

Dated: October 4, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge